*230 OPINION of the Court, by
Judge Bibb.
— On ths 5th of December, 1792, John Griffith and Philip Buckner, by writing under their hands and seals, reciting that Griffith had brought suit against Jesse and Joseph Hunt, to recover the value of two thousand acres of land on Salt river, and said Buckner was desirous of purchasing said claim on said Hunts ; “ but inasmuch as said Griffith and Buckner cannot ascertain the sum of money which said Griffith should of right recover,” they agree to submit the determination thereof to Benjamin Sebastian ; and the said Buckner covenanted to convey to Griffith, in fee simple, with general warranty, lands which, in the opinion of said Sebastian, shall amount to the said sum as aforesaid to be ascertained, of which a certain tract on Guess’s fork of Brashears’s creek shall be part, the patent for which was then in the hands of said Sebastian ; the said Buckner to take the claim against the said Hunts at his own risk ; and said Griffith covenanted, on the conveyance of the said land by Buckner, to transfer the whole of his claim against the Hants to Buckner.
Upon the trial of the suit against Hunts, Griffith recovered 1000 dollars.
On the 6th of February, 1799, Sebastian gave his opinion to Griffith, (in the absence of Buckner, and without any notice to him,) that Griffith should have recovered from Hunts the sum of 2000 dollars ; that Buckner should convey the tract of land on Guess’s fork at £. 400, part of the said £. 600, and for the residue thereof, that he should convey lands valued at cash price in the year 1793.
On the 5th of March, 1802, Griffith exhibited his hill to compel specific execution of the agreement, according to the aforesaid opinion of Sebastian.
The bill alleges that Griffith was justly entitled to have had of Hunts 2000 dollars, at least, “ and would, in ail probability, have recovered that sum if the said Buckner had attended to the suit as he ought : but owing, in some measure, to the said Buckner’s neglect, and perhaps to some mistake or misapprehension of the jury who tried the cause, the sum of 1000 dollars only was recovered ⅛” that, from the time of the agreement. *231 Buckner took upon himself to manage and superintend the said suit for the complainant; that, when part of the money was recovered, Buckner applied to the complainant to direct the money to be paid to him, which the complainant refused to do, unless Buckner would give security for the fulfilment of his part of the contract; that the complainant had then discovered that the said t. i s • i , r , . Buckner s title to the 1000 acres oi land was very doubtful, on which said complainant had settled soon after the agreement, and had made valuable improvements — -and moreover, that said Buckner was on the verge of insolvency ; that Buckner failed to give the security ; that he let Buckner have the sum of f. 136, on receiving from him bond and security to return it— upon an understanding, however* that whenever Buckner should fulfil his part of the agreement, the aforesaid bond should be surrendered and he should be entitled to the balance of the judgment; that the complainant has since received the balance of the money due on the judgment against Hunts, which he offers to pay, and to surrender Buckner’s bond as aforesaid given with security, as soon as Buckner shall comply with his agreement ; prays a conveyance of the 1000 acres on Guess’s fork, for which said Buckner hath a patent, and also for the conveyance of other lands to make up the balance, according to Sebastian’s opinion, &c. and for general relief.
b.rm6s hls bul, in 1802, offering to pay-B. the joco d“'hrs rece.lve<1 conveyance of the fpecified of land ac ther lands to make up the ¡on of s.e°Pm
To apply to S« to fettle the value of the demand againft H. after the jury had liquidated it, was not within the fpi-rit of the agree, ment.
To require of B, fecurity for title of the land was,.addins a thorifed by the contract, and could not have decreed on the of
- nant having received the moreceive ¡t, un-he y011?4 f^Jarramy If the land, hav. inS obtained after fuch ⅛ lay ; aiks land of the value of j£. 600 upon an offer to pay for it £. 300.
*231 The answer of Buckner admits the agreement; the recovery of 1000 dollars; the reiusal of the complainant to let him have the benefit of the judgment, unless the respondent would give security, fkc. although the respondent then offered, and was ready and willing to convey land to the value of the judgment against the Hunts as rendered; that the complainant refused to comply with the contract on his part, unless he obtained security from the respondent, and thereupon a new agreement was entered into, viz. that the complainant should hold the land on Gue.ss’s fork seven years rent free ; that if he chose at any time to take the said tract, he should have it at valuation, without reference to the improvements ; that the respondent, at the same time, borrowed £. 136 pounds, and gave bond and security to return it; but that the complainant was at any time at liberty to take payment thereof out of the land *232 on Guess's folk, at £. 40 per hundred ; and if, at the expiration of the seven years, the complainant was not satisfied with the defendant's title, then the money was to be refunded with interest. He denies that he ever had any authority to superintend or manage the suit against Hunts ; except a verbal request to attend a proposed arbitration, which he did attend to, but it proved ineffectual, &c,: denies that there is any equity in the bill, &c. &c.
The cafe does ssot deferve the aid of a court of equity, Decree forfpe-cific performance reverf-ed, and bill to be difmííTed with coils.
The only deposition is that of Benjamin Sebastian, who states that he never was applied to by either of the parties until after the verdict and judgment against Hunts, and until the complainant had received a part of the money ; that the deponent then expressed to the defendant his willingness to give his opinion according to the agreement between said defendant and complainant. The defendant then told him a new agreement had been entered into. This agreement was denied some time afterwards by the complainant; but, upon conversing again with the defendant, he insisted on the new agreement; after which the said Sebastian was induced, by the assurances of the complainant, that no new agreement had been made, and by his solicitations, to make up an opinion in writing of the 6th of February, 1799, before recited.
Upon hearing the cause, the circuit court of Shelby decreed a conveyance of the 1000 acres on Guess’s fork at £. 400, and a conveyance of other lands to make up the compliment of £. 600, to be valued by Sebastain- at the cash price in 1793, according to the said opinion of said Sebastian ; or on failure to convey the said other lands, that he pay the said £. 200, with iñterest from the first day of January, 1794, until paid ; that upon the defendant’s complying with the decree, the complainant should pay to the defendant the sum oí £. 164, and the defendant to pay costs, &c. From this decree Buckner appealed.
It does not appear that the recovery against Hunts was lessened by any negligence or collusion of Buckner, nor does the value of the claim against them appear to have been erroneously liquidated by the court and jury, except so far as the opinion of Sebastian can have influence.
By the agreement the value of the claim against Hunts was submitted to the “ determinationof.Sebas- *233 tian, because the contracting parties could not ascertain it. It seems, from the general complexion of the agreement, that both parties contemplated an adjustment between them at an earlier period than the verdict and judgment in the suit then depending. Either party was at liberty to have called on the other, and on Sebastian, and hastened the determination by him ; and when so adjusted, the defendant, Buckner, was to have a transfer of the claim of Griffith on the Hunts, and to take it at his, Buckner’s, risk. But neither party did apply to Sebastian until many years after the claim had been liquidated by a jury, and until a dispute arose between the parties respecting a new agreement. The complainant then obtained an ex parte opinion from Sebastian, which he makes the foundation of his application to the court of chancery. This opinion, moreover, was obtained after the complainant had collected the amount of the judgment against Hunts, and had demanded of the defendant security for performance, had refused to permit the defendant to have the benefit of the said judgment without such security, and had actually taken from the defendant a bond to refund the sum of £. 136, that part, and the only part of the judgment which the defendant was permitted to receive. In demanding security from the defendant, he was imposing a condition unknown in the original contract; and whether the reasons assigned for demanding security would or would not have justified the demand, it is unnecessary to enquire, since neither are supported by proof. But certain it is, that the court of chancery would noif, on the prayer of Griffith, have rftade a decree upon Buckner to give security, in case his title was disputed, or his circumstances doubtful: the utmost length to which the court could have gone, would have been to rescind the contract. But Griffith, after having refused to receive a deed from Buckner, unless with security bound in the covenant of warranty with Buckner —having received the whole benefit of the judgment— having obtained an ex parte opinion from Sebastian after the lapse of six years and upwards, now asks a decree to enforce that opinion, upon a blind confidence in the equity of that opinion, keeping out of view the premises upon which it was formed.
*234 In fine, the court of equity is applied to, under these circumstances, to decree to the complainant lands of the value of 2000 dollars in the year 1793, upon the offer of the complainant to pay the price of 1000 dollars, and upon no better foundation than the bare opinion of an individual (opposed to the solemn and unimpeached assessment of a jury in a court of justice) that Griffith ought to have recovered £. 600 instead of £. 300.
The complainant has not made out a case which deserves the aid of a court of chancery ; and the decree of the circuit court for specific performance, &c. is erroneous. — -^-Decree reversed.